U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP -1 2016
CLERK, U.S. DISTRICT COURT
By _____ Deputy

Affidavit of Francis Norwood

State of Texas
County of Tarrant

4-16 CR-136-A

1. Francis Norwood first being duly sworn on oath deposes and states the following.

2. That the following facts are on information and belief, and I am competent to testify on the matters stated.

3. The information herein were given to me by Patrick Lee Guyden, BOP # 54251-177, and he was my cell mate at all times in the SHU at FCI-Fort Worth Texas.

4. Patrick told me that other than Tonya, the female that was indicted for some ten pounds of methamphetamine in connection with his case, the person he the one with a bigger quantity he purchased it from — Sandra — who owns a feed barn bar where the gang "the Bandidos" hangs out. Patrick called her "Bandidos' house-mom". I asked him what a "house mom" is and he told me "someone no one messes with". Patrick told me during those times he did business with her, she was able to make enough money to build

her backyard at the bar. I convinced Patrick to testify against her by using "Big Mike" as the wood to build the fire. It is said by Patrick that Big Mike is very huge, dangerous, and incarcerated. Patrick doesn't like Big Mike because Big Mike received $20,000 from Sandra to help Mike fight his case whereas Patrick only received $10,500.00 from Sandra to help with his case. I used this information to convince Patrick to testify against Sandra and it is for this strong information I believe Patrick was telling me the truth and that the information falls under one of the hearsay exceptions. In fact, Patrick was so pissed after bringing back past memories, that without allowing me to help him testify, he began writing his testimonial statement to his attorney of record. It should be noticed that in his letter to his counsel, none of the information was certified under penalty of perjury and that his statements are more incriminating against himself as well as to Sandra. I believe this incrimination is outside the scope of the attorney-client privilege.

1. Illinois v. Coles (Active action denied).

5. It should also be noticed that from my long discussions with Patrick, I believe his intention at times was made against individuals out of hatred and retaliation.

6. For example, Patrick told me that Big Mike spit on him and that Sandra paid out more money to Big Mike rather than Patrick so it is easier to snitch on them. Patrick also told me that he snitched on other individuals who he claimed snitched on him first and that he was also in those individuals indictments.

7. That if I should testify to the above facts at trial or any proceeding, I will testify.

I declare under penalty of perjury that the foregoing is true and correct as executed on August 30, 2016 pursuant to 28 U.S.C. § 1746(2).

Francis Norwood

Francis Naswood, 86773-008                August 30, 2016
F.C.I. - Fort Worth
P.O. Box 15330
Fort Worth, Tx. 76119

Eldon B. Mahon, U.S. Courthouse
501 West Tenth Street, Room 310
Fort Worth, TX. 76102

Re: Affidavit of Francis Naswood to Speak With
    A Federal Agent.

Dear Clerk of Court:
   Please find that my affidavit meets minimal
requirements for your situation to reply
to a federal agent to contents the infor-
mation within the affidavit by mail, etc.
   Thank you.

Francis Naswood
Francis Naswood

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION

2016 SEP -1  PM 12: 04

CLERK OF COURT

NORTH TEXAS TX PDM
DALLAS TX 750
30 AUG 2016 PM 10 L

Eldon B. Mahon
U.S. Courthouse
501 West Tenth Street
Room 310
Fort Worth, TX
76102

7E102-094185

Francis Nash
86793-008
FCI Fort Worth
P.O. Box 15330
Fort Worth, TX
76119

Legal Mail